UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN BOARDMAN,

    Plaintiff,

v.

SHAFIQ REHMAN, N.P.,

    Defendant.

_____/

Case No. 24-cv-10949
Hon. Brandy R. McMillion

Hon. David R. Grand

**ORDER ADOPTING THE RECOMMENDED DISPOSITION
OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(ECF NO. 26), OVERRULING DEFENDANT'S OBJECTIONS
(ECF NO. 27) AND DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 12)**

Plaintiff Robert Alan Boardman ("Boardman"), an inmate in the Michigan Department of Corrections ("MDOC"), brought this *pro se* civil rights action against Defendant Shafiq Rehman, N.P. ("NP Rehman") alleging a deliberate indifference to his serious medical needs in violation of his constitutional rights under 42 U.S.C. §1983.  *See generally* ECF No. 1.  This matter was originally assigned to the Honorable Sean F. Cox, who referred all pretrial matters to Magistrate Judge David R. Grand.  ECF No. 7.  On March 25, 2025, this case was reassigned from Judge Cox to the undersigned.  The Court re-referred all pretrial matters to Judge Grand.  ECF No. 23.

1

On September 5, 2024, Defendant filed a Motion for Summary Judgment. ECF No. 12. On June 30, 2025, in a Report and Recommendation ("R&R"), the Magistrate Judge recommended that the Court deny Defendant's Motion. ECF No. 26. At the end of the R&R, the Magistrate Judge advised the parties that to seek review of his recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.158. On July 11, 2025, NP Rehman filed Objections to the R&R. *See* ECF No. 27.

Having reviewed the record and considering NP Rehman's Objections *de novo*, the Court concludes that NP Rehman raises no argument to warrant disagreeing with the Magistrate Judge's recommendation. Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 26), **OVERRULE** Defendant's Objections (ECF No. 27), and **DENY** Defendant's Motion for Summary Judgment (ECF No. 12).

**I.**

NP Rehman moved for summary judgment arguing that Boardman failed to exhaust his administrative remedies before filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), because he failed to identify NP Rehman by name in his grievance. *See generally* ECF No. 12. Magistrate Judge Grand issued an R&R suggesting that the motion be denied because any claim for failure to exhaust was waived by NP Rehman. *See generally* ECF No. 26. Judge Grand found that "Boardman's failure to specifically name NP

2

Rehman in his Step I grievance does not mandate a finding that he failed to exhaust because the grievance responses by MDOC officials make clear that the nature of Boardman's allegations were understood by the relevant prison officials and addressed on their merits." *Id*. at PageID.157. And when the grievance was addressed on the merits, NP Rehman waived his right to argue that Boardman's claims against him were not properly exhausted. *Id*.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004).

The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed

3

recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

NP Rehman lodges one objection to Magistrate Judge Grand's R&R:

**Objection No. 1: The report and recommendation erred in its analysis that grievance WCC-0944 properly exhausted Plaintiff's administrative remedies**.

ECF No. 27, PageID.160. NP Rehman argues that Judge Grand made a "false equivalence between addressing conduct of nurses which leads to subsequent actions by a non-grieved individual and addressing the grieved actions of a non-named individual." *Id*. at PageID.161. The Court disagrees.

NP Rehman relies on *Kensu v. Rapelje*, No. 12-11877, 2013 WL 1774637, at *4 (E.D. Mich. Apr. 25, 2013) (citing *Walls v. O'Connor*, 2013 WL 572449 (E.D. Mich. Jan. 22, 2013), *report and recommendation adopted*, 2013 WL 571752 (E.D.

4

Mich. Feb. 13, 2013)),[1] to argue that "a plaintiff fails to exhaust administrative remedies as to a particular defendant not identified in the grievance if the plaintiff specifically identifies other defendants by name and nothing in the grievance would put the unnamed defendants on notice." ECF No. 27, PageID.161. The Court is unpersuaded that this changes the denial of NP Rehman's request for summary judgment. The Step I grievance does not name some individuals and simply fail to include NP Rehman. *See* ECF No. 12-1, PageID.51. It simply states, "I swallowed a ink pen between 830pm and 9 pm on above date in front of Nurse at med lines." *Id*. Therefore, it cannot be said that Boardman put MDOC on notice of the conduct of some but not NP Rehman.

But it is the response of MDOC that the Court finds dispositive. In responding to the Step I Grievance, the reviewer states:

> Inmate's report of swallowing a pen confirmed via medical documentation completed by the inmate's primary nurse. Following the inmate's witnessed ingestion of a foreign body object, the nurse contacted the medical provider for further evaluation. **The evaluation completed by the medical provider included an inquiry of your health issue, physical assessment, body scan via a metal detector to assist with further confirming the ingestion of the foreign object, ordering of an abdominal x-ray and additional monitoring by health care**. For the inmate's safety, a Suicide Risk Assessment was completed and update of the management plan.

---

[1] NP Rehman cites the *Kensu* decision dated April 18, 2013. But that decision was amended and superseded by the April 25, 2013 decision cited here.

ECF No. 12-1, PageID.52 (emphasis added). The decision summary went on to state "[b]ased on the investigation, findings and interview your healthcare needs are being adequately met and are being actively reviewed to meet your individual need(s)." *Id.*

The Court finds this to be an evaluation of the grievance "on the merits." And as Magistrate Grand properly notes, "[w]hen prison officials waive enforcement of the MDOC's procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit." *Wilson v. Taskila*, No. 2:21-cv-236, 2022 WL 16745768, at *4 (W.D. Mich. Sept. 20, 2022) (citing *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010)). MDOC did not issue a procedural response, that it was unaware who was being grieved. It did not explain that it could not determine who the medical provider or the nurses were, or what medical care Boardman received. Instead, it specifically detailed Boardman's medical care in terms of what the "nurses" did and what the "medical provider" did in response to him swallowing the foreign object. *See* ECF No. 12-1, PageID.52. And "prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits." *Reed-Bey*, 603 F.3d at 325.

The Step II and Step III responses do the same. The Step II response details the medical care provided to Boardman, the medical providers (although not by name) that provided such care, and the conclusion that Boardman's claim was not

6

supported, and his evaluation and treatment were deemed appropriate. ECF No. 12-1, PageID.50. And the Step III response references the Step I and II responses, finding that Boardman's grievance could not be substantiated. ECF No. 12-1, PageID.48. All of which was done after a "review of the electronic medical records." *Id.* at PageID.48. Again, these are not procedural responses, these address the merits of Boardman's claims. Therefore, the Court disagrees with NP Rehman's argument that "[t]here is nothing in the grievance response to suggest that the person drafting the response understood Plaintiff to be asserting a grievance against NP Rehman." ECF No. 27, PageID.162.

Consequently, summary judgment based on exhaustion should be denied and Objection #1 is overruled.

## IV.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Grand's Report and Recommendation (ECF No. 26). Defendant's Objection (ECF No. 27) is **OVERRULED**. Defendant's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 24, 2025                          s/Brandy R. McMillion
                                                                                       Hon. Brandy R. McMillion
                                                                                       United States District Judge