UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN BOARDMAN,

           Plaintiff,           Civil Action No. 24-10949

v.                                   Brandy R. McMillion
                                   United States District Judge

SHAFIQ REHMAN, N.P.,         David R. Grand
                                   United States Magistrate Judge
           Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) PURSUANT TO FED. R. CIV. P. 41(b)**

On April 11, 2024, *pro se* plaintiff Robert Alan Boardman ("Boardman"), who was then an inmate of the Michigan Department of Corrections, commenced this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Shafiq Rehman, N.P. ("NP Rehman"). (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 23).

**I.    REPORT**

    **A.    Background**

The entirety of Boardman's allegations in his complaint read as follows:

> On Sept 5-23 around 8:42 pm I swallowed an ink pen in front of a nurse. Dr. (sic – NP) Rehman came and seen me. He had me walk through a metal de[te]ctor to see if I swallowed a pen. It did not set it off. At this time [NP] Rehman stated "I'm tired of you dumb ass inmates hurting yourself so I'm not gonna do anything for you." On 9-8-23 I had to do an xray and they found them in my stom[a]ch. They refused to send me out. They told me they are gonna let me suffer[.] On 9-10-23 I made them send me out. I was hospital[i]zed for 9 days.

> I had two sugreys (sic) on scope down my thro[a]t and a colonoscopy on the last day[.]

(ECF No. 1, PageID.3). Boardman seeks $100,000 in damages from NP Rehman for his alleged deliberate indifference to a serious medical condition. (*Id.*, PageID.4).

On September 5, 2024, NP Rehman filed a motion for summary judgment, arguing that Boardman had failed to properly exhaust his administrative remedies before filing this lawsuit. (ECF No. 12). On June 30, 2025, this Court issued a Report and Recommendation ("R&R") to deny NP Rehman's motion. (ECF No. 26). On July 24, 2025, the R&R was adopted over NP Rehman's objections by the Honorable Brandy R. McMillion. (ECF No. 28).

Accordingly, on July 31, 2025, this Court issued a Scheduling Order, providing for the exchange of witness lists by October 24, 2025, a discovery cutoff date of December 12, 2025, and a dispositive motion deadline of January 30, 2026. (ECF No. 29). On October 10, 2025, NP Rehman filed a notice indicating that, on September 10, 2025, he had served Boardman with discovery requests – including interrogatories, requests for admissions, requests for production of documents, and authorizations for the release of Boardman's medical records. (ECF No. 31, PageID.180). Apparently, however, on or about September 23, 2025, counsel for defendant received his mailing with the unopened discovery requests, which were sent "return to sender" from the Gus Harrison Correctional Facility (the address listed for Boardman on the docket), with a notation that Boardman had been paroled.[1]

---

[1] Indeed, it appears Boardman was paroled on September 3, 2025. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=857600 (last accessed November 19, 2025).

(ECF No. 31-2). Despite being advised of his obligation to notify the Court of any address changes (ECF No. 5), and apparently being released from custody, Boardman had not – and still has not – filed a notice of change of address with the Court.

As a result, on October 28, 2025, the Court issued an Order to Show Cause and Provide Current Address. (ECF No. 34). In that order, the Court indicated that because it was mailing the order to the only address it had for Boardman – at the Gus Harrison Correctional Facility – the order might also be returned as undeliverable. (*Id.*, PageID.224). The Court noted, however, that it could do nothing more, where Boardman has not provided any other address, and it is the litigant who bears the burden of advising the court and the parties of any change of address. (*Id.*) (citing *Snider v. Smallinskie*, No. 23-10304, 2023 WL 7095661, at *2, n. 2 (E.D. Mich. Oct. 4, 2023), *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party … bears the burden of keeping the court apprised of any changes in his mailing address."), and *Taylor v. Warren Cty. Regional Jail*, No. 91-5463, 1992 WL 76938, at *2 (6th Cir. Apr. 13, 1992) (same)). The Court further advised Boardman that E.D. Mich. LR 11.2 provides a court with the authority to dismiss a case for failure to keep it apprised of address changes. (ECF No. 34, PageID.224-25) (citing *Brown v. White*, No. 09-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) ("[Plaintiff] has the duty to inform the court of any address changes, and it is not incumbent upon this Court or its staff to keep track of [Plaintiff's] current address.") (internal quotations omitted)).

Accordingly, the Court ordered Boardman to provide the Court with an updated mailing address by November 14, 2025. Boardman was warned that his failure to timely

provide the Court with an updated address may result in a recommendation that this case be dismissed for failure to prosecute.[2] On November 18, 2025, however, the Court received a copy of its Order to Show Cause, which was sent "return to sender" from the Gus Harrison Correctional Facility (again, the address listed for Boardman on the docket), with a notation that Boardman had been paroled. (ECF No. 35).

### B. Analysis

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative,

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order …." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Trotter v. Gonzalez*, No. 03-10096, 2008 WL 2761019, at *2 (E.D. Mich. July 15, 2008) (quoting *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address. *See Trotter v. Gonzalez*, No. 03-10096, 2008 WL 2761019, at *2 (E.D. Mich. July 15, 2008); *Ortiz v. Donnellon*, No. 11-14154, 2012 WL 1957313, at *1 (E.D. Mich. Apr. 18, 2012) (court may dismiss action *sua sponte* pursuant to Rule 41(b) for failure to prosecute).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All four of the factors favor dismissal here.

The Court expressly advised Boardman of his obligation to notify the Court of any address changes at the outset of this case (ECF No. 5), as well as in its recent Order to Show Cause (ECF No. 34). Nevertheless, Boardman has failed to do so, meaning that the first[3] and third factors weigh in favor of dismissal. As to the second factor, NP Rehman is

---

[3] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to

prejudiced by having this action pending against him without it being advanced to a timely conclusion due to Boardman's apparent abandonment of his claims. The Court is sympathetic to NP Rehman's plight, as he has been forced to expend time and resources researching and drafting discovery requests, as well as a motion to compel, despite the fact that Boardman apparently has lost interest in his case. And, finally, given Boardman's repeated failures to comply with this Court's rules and orders, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

## II.     RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Boardman's complaint **(ECF No. 1)** be **DISMISSED**.

Dated: November 26, 2025               s/ David R. Grand
Ann Arbor, Michigan                    DAVID R. GRAND
                                       United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P.

---

willfulness, bad faith or fault …." *Id*. Regardless, the defendant "cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Here, since participating in a telephonic status conference with the Court in June 2025 – more than five months ago – Boardman has done nothing to advance his case whatsoever.

72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 26, 2025.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
