UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN BOARDMAN,

    Plaintiff,

v.

SHAFIQ REHMAN, N.P.,

    Defendant.
_____/

Case No. 24-cv-10949

Hon. Brandy R. McMillion
Hon. David R. Grand

**<u>ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 36) AND DISMISSING THE CASE WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b) AND E.D. MICH. LR 41.2 FOR FAILURE TO PROSECUTE</u>**

Plaintiff Robert Alan Boardman ("Boardman"), an inmate in the Michigan Department of Corrections ("MDOC"), brought this *pro se* civil rights action against Defendant Shafiq Rehman, N.P. ("NP Rehman") alleging a deliberate indifference to his serious medical needs in violation of his constitutional rights under 42 U.S.C. § 1983.  *See generally* ECF No. 1.  This matter was originally assigned to the Honorable Sean F. Cox, who referred all pretrial matters to Magistrate Judge David R. Grand.  ECF No. 7.  On March 25, 2025, this case was reassigned from Judge Cox to the undersigned.  The Court re-referred all pretrial matters to Magistrate Judge Grand.  ECF No. 23.

1

On September 5, 2024, Defendant filed a Motion for Summary Judgment. ECF No. 12.  On June 30, 2025, in a Report and Recommendation ("MSJ R&R"), Magistrate Judge Grand recommended that the Court deny Defendant's Motion. ECF No. 26.  On July 24, 2025, over NP Rehman's objections, the Court adopted the MSJ R&R.  ECF No. 28.  Subsequent to that ruling, the Magistrate Judge issued a Scheduling Order setting discovery deadlines in this matter.  ECF No. 29.  NP Rehman attempted to serve discovery on Boardman, but it was returned unopened, marked "return to sender" as Boardman had been paroled.  ECF No. 31, PageID.179; ECF No. 31-2, PageID.191.  As a result, Magistrate Judge Grand issued an Order to Show Cause and Provide a Current Address.  ECF No. 34.  The Order instructed Boardman to provide an updated address no later than November 14, 2025.  *Id.*; *see also* ECF No. 36, PageID.230.  The Order also warned Boardman that failure to respond would result in dismissal of his lawsuit with prejudice.  *Id*.

To date, Boardman has not provided the Court with an updated address and has not in any way proceeded with prosecuting this litigation.  Consequently, on November 26, 2025, Magistrate Judge Grand issued a Report and Recommendation ("Dismissal R&R") recommending that the undersigned dismiss this lawsuit with prejudice pursuant to Fed. R. Civ. P. 41(b).  *See* ECF No. 36.  At the end of the Dismissal R&R, the Magistrate Judge advised the parties that to seek review of his

2

recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.233-234.

As of the date of this order, December 17, 2025—21 days since the Magistrate Judge filed the R&R—none of the parties have filed objections to the R&R or contacted the Court to ask for more time to file objections. The Court notes that the R&R was returned to the Court as undeliverable with a notation that Boardman was released from custody. *See* ECF No. 35. However, Boardman has been properly notified of his responsibility to promptly notify the Court of address changes and that failure to do so could result in dismissal of his case. *See* ECF No. 5, PageID.21.

Nonetheless, the failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Similarly, failure to object to an R&R forfeits any further right to appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely file objections to an R&R).

Accordingly, because no objections to the Dismissal R&R have been filed, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of dismissal is **ADOPTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

*This is a final order that closes the case*.

**IT IS SO ORDERED.**

Dated: December 17, 2025  
    Detroit, Michigan

s/ Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
United States District Judge